UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| MELISSA A. NEGRETE | § | |
| *Plaintiff* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | |
| CONTRACT FREIGHTERS, INC. AND | § | (JURY REQUESTED) |
| ANTONIO R. COLEMAN | § | |
| *Defendants* | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES MELISSA A. NEGRETE, Plaintiff herein, who files this pleading complaining of CONTRACT FREIGHTERS, INC. (hereinafter sometimes referred to as "CFI" and/or "Defendant") and ANTONIO R. COLEMAN (hereinafter sometimes referred to as "Coleman" and/or "Defendant"), (both hereinafter sometimes collectively referred to as "Defendants"), and in support hereof would show to this Honorable Court the following:

**I. PARTIES AND SERVICE**

1.1    The Plaintiff is a resident of Texas.

1.2    Defendant, Contract Freighters, Inc. is believed to be a foreign corporation that is doing business in and deriving profits in the State of Texas and within this Judicial District and division. This Defendant can be served with a copy of the petition and citation by and through its agent for service of process as follows: Corporations Service Company D/B/A CSC Lawyer Incorporating Service Company, 211 East 7th, Suite 620, Austin, Texas 78701.

1.3     Defendant, Antonio R. Coleman is an individual with an Alabama driver's license and is believed to be an Alabama Florida resident. He operates tractor trailers within the State of Texas and within this Judicial District and division, and as set forth below, that operation gives rise to the Plaintiff's causes of action for damages.  As allowed by Federal Rule of Civil Procedure 4 (E) (1) and the Texas Civil Practice & Remedies Code § 17.061, et seq, this Defendant can be served by and through his agent for service process as follows: J. Bruce Bugg, Jr., Chairman, Texas Transportation Commission, 125 East 11th Street, Austin, Texas 78701-2483. This agent will be served by private process server. When served it is requested that the chairman forward, by certified mail, return receipt requested, the process to the Defendant at his residence located at 6605 Valdez Drive, Mobile, Alabama 36608.

## II.  JURISDICTION AND VENUE

2.1    This Court has jurisdiction over the subject matter of this lawsuit pursuant to 28 U.S.C. §1332.   The Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds $75,000 excluding interest and costs.

2.2     This Court has personal jurisdiction over the Defendants because they conduct business within this state and have sufficient contacts with the state, which both generally and with specific regard to this action, show that the exercise of personal jurisdiction is proper.

2.3   Venue is proper in the Southern District of Texas in the Laredo Division pursuant to 28 U.S.C. §1391 because it is the district and division of both Defendants' business operations and is where a substantial part of the events and omissions giving rise to Plaintiff's claims occurred.

### III. GENERAL ALLEGATIONS OF FACTS

3.1     Plaintiff would show that on or about January 29, 2021 at approximately 7:30 a.m., a serious automobile crash occurred at or near Laredo, Texas on Interstate 35. At the time of the crash, Plaintiff was operating in a prudent manner in a northerly direction while Defendant Coleman was operating a tractor pulling a trailer and rammed a towed dolly attached to the Plaintiff vehicle. That collision caused the Plaintiff to lose control and her vehicle rolled over. The actions/inactions of Defendant Coleman caused serious, permanent, and incapacitating injuries to Plaintiff and caused the damages sought below.

3.2     On the date and time of the crash, Defendant CFI owned the tractor operated Defendant Coleman, and that operation was under Defendant CFI's DOT #70289. The actions/inactions of Defendant CFI also caused serious, permanent, and incapacitating injuries to Plaintiff and caused the damages sought below.

### IV. CLAIMS FOR RELIEF AS TO DEFENDANT COLEMAN

4.1     Plaintiff would show that Defendant Coleman's actions/inactions aforesaid constitute negligence. The Defendant had a duty to use reasonable care and breached that duty. The occurrence in question and resulting damages were proximately caused by acts of omission and commission on the part of this Defendant that include, but are not necessarily limited to the following:

- Operating the tractor and trailer in a reckless manner.
- Operating while not physically, medically, or emotionally fit. In particular, this Defendant was affected by one or more of the following conditions at the time of the

collision: distraction, drowsiness, fatigue, intoxication and/or impairment of the senses by illicit drugs, and/or one or more conditions that made him unfit.

- Operating the truck with inadequate and/or deficient training and/or supervision/monitoring.
- Failing to meet minimum commercial driving standards.
- Failing to yield the right of way.
- Failing to pay proper attention.
- Failing to use caution.
- Failing to control speed.
- Operating as an incompetent, unfit and unsafe driver.
- Failing to ensure proper maintenance and/or inspection of equipment.
- Not being properly qualified to operate a commercial vehicle.
- Violating motor carrier regulations.
- Violating commercial driving standards.

4.2    This Defendant's conduct involved an extreme risk of danger and injury to the Plaintiff and public. The driver's conduct showed a complete absence of care and obvious conscious indifference to the rights, safety, or welfare of the Plaintiff and the public.

## V.    CLAIMS FOR RELIEF AS TO DEFENDANT CFI

5.1    Plaintiff would show that Defendant CFI's actions/inactions aforesaid constitute negligence.  The Defendant had a duty to use reasonable care and breached that duty, and it violated motor carrier safety regulations and/or standards.  The occurrence in question and resulting damages were proximately caused by acts of omission and commission on the part of this Defendant that include, but are not necessarily limited to the following:

- Inadequate supervision of its driver.

- Failing to properly qualifying of its driver.

- Inadequate training of its driver.

- Inadequate testing of its driver.

- Retaining an unfit driver.

- Failing to have proper management procedures in place.

- Lacking proper driver safety policies and procedures.

- Failing to ensure proper maintenance and/or inspection of its equipment.

- Failing to meet safe trucking fitness standards.

- Entrusting its equipment to a non qualified and unfit driver.

5.2   This Defendant's conduct involved an extreme risk of danger and injury to the Plaintiff and public. The commercial carrier's conduct through one or more principals showed a complete absence of care and obvious conscious indifference to the rights, safety, or welfare of the Plaintiff and the public.

## VI. **DAMAGES**

6.1   Plaintiff seeks compensation for all those damages, direct and consequential, pecuniary and non-pecuniary as allowed by law resulting from the occurrence in question including, but not limited to those for the serious personal injuries for which she has suffered that have resulted in physical pain and suffering, mental anguish, medical expenses, disfigurement, and loss of physical capacity.  All damages will continue into the future, and the past and present value of all these damages is an amount in excess of the minimum jurisdictional limits of the Court.

6.2	Plaintiff will seek punitive damages for the gross negligence and/or acts that constitute malice of the Defendants.

## VII.  JURY DEMAND

7.1	Plaintiff respectfully requests a jury trial pursuant to F.R.C.P. 39.

## VIII.  PRAYER

8.1	WHEREFORE, PREMISES CONSIDERED, Plaintiff reserves the right to replead as discovery commences and respond to any issues raised by Defendants, and she prays that Defendants be cited to appear and required to answer herein according to law, that this cause be set for trial before a jury, that Plaintiff recover judgment of and from the Defendants jointly and severally for the actual, compensatory, special, exemplary, and additional damages in such a manner as the evidence may show and the jury may determine to be proper, together with the costs of suit, pre-judgment interest, post-judgment interest, and such other and further relief to which Plaintiff may in law or in equity show herself justly entitled.

Respectfully submitted,

**HASTINGS LAW FIRM**
101 North Shoreline, Suite 604
Corpus Christi, Texas 78401
Telephone:  361-692-2000
Fax:  361-692-2001

By:	/s/ - Steve T. Hastings
STEVE T. HASTINGS
Federal I.D. No.   2232
Texas State Bar No. 09211000
Email:  steveh@hastingslawfirm.net
**ATTORNEY IN-CHARGE FOR PLAINTIFF**

**OF COUNSEL:**

HENRY M. BLACKMON
Federal I.D. No. 38940
Texas State Bar No. 24040528

Email:  henryb@hastingslawfirm.net
**HASTINGS LAW FIRM**
101 North Shoreline, Suite 604
Corpus Christi, Texas 78401
Telephone:  361-692-2000
Fax:  361-692-2001